IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Mason Sprague, | ) | C/A No. 0:21-1571-BHH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Barnes, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Joseph Mason Sprague, a self-represented federal prisoner, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2) (D.S.C.) on Sprague's motion for appointment of counsel. (ECF No. 15.)

There is no right to appointed counsel in habeas cases. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required. See Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254. At this time, no evidentiary hearing has been set in this case and the questions presented are not so complex as to require an attorney to effectively argue them for Petitioner. Based on the pleadings before the court, Petitioner writes well and appears capable of addressing the legal issues. Accordingly, Petitioner's request for counsel to be appointed under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), is denied.

**IT IS SO ORDERED.**

August 31, 2021
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE